Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KAYLA M. WOOD,<br><br>Plaintiff,<br><br>v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 2:21-cv-08601<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

**NOW COMES** KAYLA M. WOOD ("Plaintiff"), by and through her undersigned counsel, complaining of the Defendant, IQ DATA INTERNATIONAL, INC., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the

1

Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391b(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial circuit.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, that at all times relevant resided in this judicial district.

6. Defendant, IQ DATA INTERNATIONAL, INC. is a debt collection firm that collects debts owed to third parties. Defendant is incorporated under the laws of the state of Washington with its principal place of business located at 21222 30TH Drive SE Suite 120 Bothell, Washington, 98021.

## FACTUAL BACKGROUND

7. Prior to events giving rise, Plaintiff was a resident of Villa Azul located in Arroyo Grande, California.

8. Towards the end of her residency with Villa Azul, Plaintiff provided a 30 day written notice indicating that she will be vacating the apartment.

9. On May 14, 2020, Plaintiff was completely moved out of the apartment and canceled all utilities in her name.

10. Sometime thereafter, Defendant was assigned the right to collect on an alleged past due balance from Villa Azul in the amount of $3,277.57 ("subject debt").

11. Soon thereafter receiving the subject debt in their office, Defendant began reporting to the credit reporting agencies, causing a negative impact on her credit.

12. On September 27, 2021, Defendant contacted Plaintiff about the subject debt via written correspondence ("Defendant's Letter").

13. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Oaks, Pennsylvania ("mail house").

14. Defendant disclosed to the mail house:

  i. Plaintiff's status as a debtor;

  ii. the subject debt amount;

  iii. the Plaintiff's address; and

  iv. other highly personal and confidential pieces of information.

15. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from Pennsylvania to Plaintiff's residence in California.

16. Printed on the envelope of Defendant's Letter were bar codes listed on the envelope.

17. The information regarding the barcodes and PO Box were visible through the window of the envelope.

18. Upon information and belief, the address belongs to the third-party vendor that prepared and mailed Defendant's Letter.

19. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debt.

20. Information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt was disclosed.

21. Furthermore, the barcode belongs to Defendant and or Defendant's third-party vendor, and with its placement visible through envelope, it violated Plaintiff's privacy rights.

22. Privacy about one's financial affairs are considered of the upmost importance to people.

# DAMAGES

23. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

24. The sending of an electronic file containing information about Plaintiff's subject debt to a mail house is therefore a communication.

25. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third-party with the objective being communication with and motivation of the consumer to pay the subject debt.

26. Plaintiff never consented to having his personal and confidential information, concerning the subject debt, or otherwise be shared with anyone else.

27. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with <u>any person</u> other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (Emphasis added).

28. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

29. Due to Defendant's communication to this mail house, information about Plaintiff, included names, addresses, and the amount that was due were all within the possession of an unauthorized third-party.

30. If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015). *See also, Hunstein v. Preferred Collection & Management Services*, 994 F.3d 1341, 28 Fla. L. Weekly Fed. C 2756 (11th Cir. 2021).

31. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

32. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

33. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

35. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

36. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

37. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

38. Defendant violated 15 U.S.C. §§1692c(b), f and f(8) through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692c**

39. Defendant violated §1692c(b) when it disclosed private and confidential information about Plaintiff's subject debt to the employees and agents of an unauthorized third-party mail house in connection with the collection of the subject debt.

**b. Violations of FDCPA § 1692f**

40. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of the subject debt by knowingly disclosing personal and confidential information about Plaintiff, to unauthorized third-party not expressly authorized under the FDCPA.

41. Section § 1692f(8) of the FDCPA specifically prohibits a debt collector from:
Using any language or symbol, other than the debt collector's address, on any envelope when communication with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

42. The use of barcode symbol and the language on the envelope violates 1692f(8) of the FDCPA as a matter of law because that section prohibits a debt collector from using any language other than the debt collector's address, on any envelope when communicating with a consumer.

43. Defendant's conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

44. Defendant intentionally made these communications to gain an advantage over other debt collectors and generate additional profits.

45. By its conduct, Defendant is liable under the FDCPA for statutory damages up to $1,000 and other compensation.

**WHEREFORE**, Plaintiff KAYLA M. WOOD respectfully requests that this Honorable Court:

    a.    Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A);

    b.    Enjoin Defendant from further communicating with Plaintiff;

    c.    Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    d.    Reasonable costs & attorneys' fees under to U.S.C. §1692k(a)(3); and

    e.    Such other relief that this Court deems just and proper.

## COUNT II– VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (CAL. CIV. CODE §1788)

46.    Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

47.    California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

48.    As pled above, Defendant violated numerous sections of the FDCPA; therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE,** Plaintiff, KAYLA M. WOOD, prays for the following relief:

    a.    A finding that Hillcrest's conduct violated the Rosenthal Fair Debt Collection Practices Act;

    b.    An award of actual damages;

    c.    An award of statutory damages;

     **d.**    An award of Plaintiff's reasonable attorney's fees and costs;

     **e.**    An award of any other relief this Honorable Court deems just and appropriate

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 30, 2021        Respectfully submitted,

KAYLA M. WOOD

*/s/ Nicholas M. Wajda*
Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*