**CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP**
Attorneys at Law
1400 E. Southern Ave., Suite 400
Tempe, Arizona 85282-5691
(480) 427-2800, Facsimile (480) 427-2801
minuteentries@carpenterhazlewood.com
Michelle.Wellnitz@carpenterhazlewood.com
Michelle B. Wellnitz – 326065
IQDATA.53
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **KAYLA M. WOOD,**<br><br>Plaintiff,<br><br>vs.<br><br>**I.Q. DATA INTERNATIONAL, INC.,**<br><br>Defendant. | Case No. 2:21-cv-08601-JFW-JC<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND TO CONTINUE HEARING**<br><br>HEARING DATE: February 28, 2022<br>HEARING TIME: 1:30 p.m.<br>JUDGE: Hon. John F. Walter<br>COURTROOM: 7A |

Pursuant to L.R. 7-9, Defendant, I.Q. Data International, Inc. ("Defendant"), though undersigned counsel, hereby submits its Response in Opposition of Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and Continue Hearing ("Motion for Extension"). Defendant filed its Motion to Dismiss Plaintiff's Complaint with this honorable Court on January 4, 2022 ("Motion to Dismiss"). The hearing date for the Motion to Dismiss is currently noticed and set to be heard by this Court for February 7, 2022 at 1:30 p.m. For the reasons that follow

1   Response In Opposition of Plaintiff's Motion
For Extension of Time to Respond
Case No. 2:21-cv-08601-JFW-JC

below, Defendant objects to Plaintiff's Motion for Extension and hereby respectfully requests that this Court deny the Motion for Extension.

## I. ARGUMENT

### A. The Motion for Extension Fails to State Concrete Reasons Supporting Good Cause for Granting the Extension or Continuance.

This Court's Standing Order requires any application to extend the time to file any required document or to continue any date to set forth specific, concrete reasons supporting good cause for granting the extension. Standing Order (Doc. No. 17) Paragraph 7(c). In her Motion for Extension, Plaintiff's reason for requesting a fourteen (14) day extension to respond to Defendant's Motion to Dismiss is "to allow time under local rule 7.3 to meet and confer with Defense counsel in relation to Plaintiff's Motion to Amend Complaint." *See* Plaintiff's Motion for Extension of Time to Response (Doc. No. 27) ¶ 9.

This argument is circular. Plaintiff requests additional time to respond to Defendant's Motion to Dismiss because she wishes to amend her Complaint, yet had she amended after the Parties' L.R. 7-3 conference on December 8, 2021, Defendant's Motion to Dismiss would not have been necessary. *See* Joint Statement Regarding Local Rule 7-3 Conference (Doc. No. 22). Instead, Plaintiff was unreachable such that Plaintiff's counsel told Defendant to proceed with the Motion to Dismiss. *See* Plaintiff's Response to the Court's Order to Show Cause Re: Sanctions (Doc. No. 24) ¶¶ 9-11; Joint Statement Regarding Local Rule 7-3 Conference (Doc. No. 22). Accordingly, Defendant incurred attorney's fees to prepare and file the Motion to Dismiss within the deadlines set by the Court and in compliance with all standing and local rules.

Moreover, the Motion to Dismiss, its supporting case law, its legal theories, and its accompanying deadlines were not a surprise to Plaintiff. At the L.R. 7-3

2  Response In Opposition of Plaintiff's Motion
For Extension of Time to Respond
Case No. 2:21-cv-08601-JFW-JC

conference, Defendant disclosed to Plaintiff the claims on which it expected to seek dismissal and the general bases for the motion in light of recent case law supporting dismissal of the same. *See* Joint Statement Regarding Local Rule 7-3 Conference (Doc. No. 22). Yet, on December 30, 2021, three (3) weeks after the L.R. 7-3 conference, due to Plaintiff's non-participation in her own case, Plaintiff's counsel told Defendant to file the Motion to Dismiss. Plaintiff cannot now disregard the presence of the Motion to Dismiss simply because she now, possibly, wants to amend the Complaint. Good cause to grant an extension does not exist when Plaintiff's Motion for Extension is based solely on her continued concept of amending the Complaint rather than concrete reasons necessitating additional time to address the Motion to Dismiss that is before the Court for ruling.

Plaintiff's counsel knew or should have known that the deadline to respond to the Motion to Dismiss was January 18, 2022 – fourteen (14) days after the Motion to Dismiss was filed.[1] The rules inform the Parties of these deadlines and Defendant is working hard to abide by them as evidenced by its own filing. Nevertheless, Plaintiff's Motion for Extension again forces Defendant to incur more attorney's fees working through her disregard for procedure; a conversation that has no reason to take place because the local rules and standing rules inform this conversation.

It is improper for Plaintiff to delay a ruling on the Motion to Dismiss simply because she is contemplating an amendment. If Plaintiff wishes to bring such a motion to amend to this Court then so be it, but doing so should not negate the deadlines surrounding Defendant's properly submitted, noticed Motion to Dismiss. Plaintiff's failure to abide by the rules will prejudice Defendant if this Court grants Plaintiff an extension to respond and continues the Motion to Dismiss hearing date.

---

[1] Defendant notes that prior to January 17, 2022, Plaintiff never reached out to Defendant regarding a contemplated motion to amend the Complaint or request for extension of time to respond to the Motion to Dismiss.

3 Response In Opposition of Plaintiff's Motion
For Extension of Time to Respond
Case No. 2:21-cv-08601-JFW-JC

Prior to filing the Motion to Dismiss and during the L.R. 7-3 conference related thereto, the issue was whether Plaintiff would amend or dismiss her Complaint to address the deficiencies noted in the subject motion. Those issues remain before this Court and such Motion to Dismiss should run its course. It is improper for Plaintiff to use her response to the Motion to Dismiss as a means of arguing a potential amendment to the Complaint and, therefore, no just reason has been provided by Plaintiff for her delay.

### B. Neither the Motion for Extension Nor Plaintiff's Proposed Amended Complaint Moot Defendant's Motion to Dismiss.

Defendant is puzzled by Plaintiff's contention that its "eventual amendment" will moot the Motion to Dismiss. *See* Motion for Extension (Doc. No. 26) ¶¶ 7, 11. Namely, Plaintiff's counsel previously maintained that "Defendant's Motion presents purely legal issues. In other words, it is not based on factual deficiencies that can be cured through an amendment." *See* Plaintiff's Response to the Court's Order to Show Cause Re: Sanctions (Doc. No. 24) ¶ 8. Plaintiff also contends that "her amended complaint [] will address the Motion to Dismiss by removing the claim surrounding the Motion to Dismiss." *See* Motion for Extension (Doc. No. 26) ¶ 7.

However, this is not the case. The Motion to Dismiss is based on two claims, not simply one: (1) The Complaint must be dismissed for lack of subject matter jurisdiction because Plaintiff lacks Article III standing to sue; and (2) The Complaint must be dismissed for failure to state a claim under the California Rosenthal Act. *See* Motion to Dismiss (Doc. No. 21-1). Plaintiff's oversimplification of the contents of the Motion to Dismiss does not create concrete reason supporting an extension.

### C. The Court Should Decline to Consider the Motion For Extension Because It Does Not Meet the Requirements of L.R. 7-3.

Pursuant to L.R. 7-4, "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." In her Motion for Extension,

4   Response In Opposition of Plaintiff's Motion
For Extension of Time to Respond
Case No. 2:21-cv-08601-JFW-JC

Plaintiff maintains: "Pursuant to Local Rule 7.3, Plaintiff's counsel has conferred with Defendant's counsel." *See* Plaintiff's Motion for Extension of Time to Response (Doc. No. 27) ¶ 15.

Defendant acknowledges that Plaintiff's counsel emailed Defendant's counsel on January 18, 2022 inquiring into whether Defendant had any objection to an extension of time to respond to the Motion to Dismiss for ten (10) days. *See* January 18, 2022 Email Exchange attached hereto as **Exhibit 1**. Defendant's counsel responded on January 18, 2022 informing Plaintiff's counsel that it must object to the requested extension as it would conflict with Defendant's compliance with L.R. 7-10 as to its anticipated reply paper.[2] *See* Exhibit 1. Thereafter, on the same date, Plaintiff's counsel responded acknowledging Defendant's objection and stating that it "will be noted in the motion for extension of time to respond." *See* Exhibit 1.

The aforementioned email exchange between Defendant's counsel and Plaintiff's counsel is the extent of Plaintiff's efforts to inform Defendant of this Motion for Extension. However, for the reasons that follow, Plaintiff's alleged L.R. 7-3 conference was procedurally deficient, deficient in substance, and untimely. Accordingly, Plaintiff's email exchange does not constitute a proper L.R. 7-3 conference and this Court should decline to consider Plaintiff's Motion for Extension as a result.

    **1.    Plaintiff's alleged L.R. 7-3 conference is procedurally deficient.**

This Court's Standing Order provides that all 7-3 conferences shall be conducted by lead counsel and that "letters and e-mail do not constitute a proper 7-

---

[2] Pursuant to L.R. 7-10, Defendant's deadline to file its reply is 14 days before the date designated for the hearing of the Motion to Dismiss, which is currently set for February 7, 2022. Therefore, Defendant's last day to file a reply to any response Plaintiff may file is January 24, 2022. Plaintiff's requested extension to January 28, 2022, conflicts with Defendant's compliance with the Court's Local Rules as to its anticipated Reply paper.

5   Response In Opposition of Plaintiff's Motion
For Extension of Time to Respond
Case No. 2:21-cv-08601-JFW-JC

3 conference." *See* Standing Order (Doc. No. 17) Paragraph 5(b), Lines 5-9. Plaintiff's lead trial counsel is Nicholas M. Wajda. *See* Declaration of Lead Trial Counsel (Doc. No. 25). However, the emails from Plaintiff's counsel on January 18, 2022 were initiated by and from Victor Metroff. *See* Exhibit 1. Defendant acknowledges that Nicholas M. Wajda was copied on those emails however all emails were penned by Victor Metroff and Defendant's counsel addressed all emails to Victor Metroff. Thus, Plaintiff's alleged 7-3 conference was not conducted by Plaintiff's lead trial counsel as required.

Moreover, all communication between Plaintiff's counsel and Defendant's counsel related to the alleged 7-3 conference for the Motion for Extension took place via email. At no point on January 18, 2022 did Plaintiff's counsel invite, initiate, or request to speak with Defendant's counsel by video or telephone to discuss the Motion for Extension. As Plaintiff's alleged 7-3 conference took place exclusively over email, it does not constitute a proper 7-3 conference.

### 2. Plaintiff's alleged L.R. 7-3 conference is untimely.

The L.R. 7-3 conference "shall take place at least seven (7) days prior to the filing of the motion." Plaintiff's counsel first emailed Defendant's counsel about the anticipated Motion for Extension on January 18, 2022. *See* Exhibit 1. On the same date, Plaintiff filed her Motion for Extension. *See* Plaintiff's Motion for Extension of Time to Response (Doc. No. 27). Accordingly, Plaintiff's alleged L.R. 7-3 conference is untimely.

### 3. Plaintiff's alleged L.R. 7-3 conference is deficient in substance

During a proper L.R. 7-3 conference, the substance of the contemplated motion and any potential resolution should be discussed thoroughly. L.R. 7-3; Standing Order (Doc. No. 17) Paragraph 5(b). However, during the alleged L.R. 7-3 conference email exchange, Plaintiff's counsel did not even put Defendant's counsel on notice of its contemplated motion for extension of time until the third

6   Response In Opposition of Plaintiff's Motion
For Extension of Time to Respond
Case No. 2:21-cv-08601-JFW-JC

and last email exchanged on January 18, 2022. *See* Exhibit 1. This fact alone should be sufficient evidence that Plaintiff's counsel did not intend for the email exchange on January 18, 2022 to constitute a proper L.R. 7-3 conference.

Moreover, the substance and reasoning in the Motion for Extension are new to Defendant – as no reasoning was previously provided to Defendant or substance discussed during the alleged L.R. 7-3 conference. It follows that no potential resolution was discussed either. Given that the contemplated motion was not mentioned until the last email, no substance of any contemplated motion was discussed, and no potential resolution considered, the email exchange on January 18, 2022 does not constitute a proper L.R. 7-3 conference. As the requirements of L.R. 7-3 were not met in regards to the Motion for Extension, pursuant to L.R. 7-4, this Court should decline to consider the Motion for Extension.

## II. **CONCLUSION**

Defendant understands that things happens and routinely exercises the professional courtesies necessary to this industry. However, both Parties are subject to local rules, procedural rules, and standing rules and it is evident from the pleadings that it is Plaintiff's failure to participate that is driving procedural delays and burdening Defendant with unnecessary attorneys' fees in managing those delays. At the onset of this case, Plaintiff was aware of Defendant's anticipated Motion to Dismiss. Defendant conducted a proper L.R. 7-3 conference with Plaintiff and held off on the motion so that Plaintiff's counsel could confer with Plaintiff as to amending the Complaint. Due to Plaintiff's non-participation in her own case, Plaintiff's counsel told Defendant to file the Motion to Dismiss. With both parties being well aware of the filing deadline, Defendant followed all local and standing rules in properly filing and noticing its Motion to Dismiss.

Now, Plaintiff wishes to again delay the Motion to Dismiss through a Motion for Extension based on an alleged interest in filing a motion to amend (which has yet

7 Response In Opposition of Plaintiff's Motion
For Extension of Time to Respond
Case No. 2:21-cv-08601-JFW-JC

to be filed) rather than justifications for a delay in responding to the Motion to Dismiss before the Court. Defendant's Motion to Dismiss is valid on its face, was properly noticed, and needs to be addressed by this Court. Plaintiff should not be permitted to disregard the deadlines associated with the Motion to Dismiss simply because she wants the Court to disregard the Motion and instead address a motion to amend that has not been filed. Plaintiff's response paper to Defendant's Motion to Dismiss is untimely and therefore the Motion to Dismiss should be granted.

RESPECTFULLY SUBMITTED this 21st day of January 2022.

**CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP**

By:  /s/ Michelle B. Wellnitz
Michelle B. Wellnitz, Esq.
1400 E. Southern Avenue, Suite 400
Tempe, Arizona 85282
*Attorneys for Defendant I.Q. Data International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Nicholas M. Wajda
Wajda Law Group, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
*Attorneys for the Plaintiff*

By*: /s/ Theresa Laubenthal*

8   Response In Opposition of Plaintiff's Motion
For Extension of Time to Respond
Case No. 2:21-cv-08601-JFW-JC